# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

PRESTIGE MAGAZINE CO., INC.
d.b.a. PRESTIGE COMMUNICATIONS,
a corporation organized and existing
under the laws of West Virginia,
REX EAGON (Counterclaim defendant), and
DIANE EAGON (Counterclaim defendant),

                Plaintiffs,

v.                                          CIVIL ACTION NOs. 3:09-0314
                                                                     3:09-0878

PANAPRINT, INC., a corporation organized
and existing under the laws of Georgia,
RETTE COLLINS, and WANZIE COLLINS,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Panaprint, Inc.'s ("Panaprint") Motion to Transfer (Doc. 26) and Plaintiff Prestige Magazine Co., Inc. ("Prestige"), Rex Eagon and Diane Eagon's Motion to Consolidate (Doc. 32). For the following reasons, the Court **DENIES** the motion to transfer and **GRANTS** the motion to consolidate.

### Background

Panaprint is a commercial printer organized under the laws of Georgia, with its principal place of business in Macon, Georgia. Prestige is a commercial print broker and publisher of free real estate guides organized under the laws of West Virginia, with its principal place of business and headquarters in Cross Lanes, West Virginia. In or around November of 2001, Prestige and Panaprint entered into negotiations to establish a business relationship between the companies. By early 2002,

the companies had entered into an agreement whereby Panaprint would print real estate guides for Prestige. The contract between the parties was established through a series of back and forth email, fax and telephone communications.

From early 2002 until March 2009, the parties operated under the contract. Panaprint printed materials for Prestige, which were either provided f.o.b. Macon, Georgia, or, beginning in 2008, sometimes shipped to West Virginia. According to Plaintiffs, the contract with Panaprint provided that base printing prices would be adjusted, with a thirty-day notice, according to fluctuating paper prices, whether paper prices increased or decreased. Plaintiffs maintain that Panaprint raised printing prices when the price of paper increased, but, after February of 2003, failed to reduce prices when the price of paper decreased. Accordingly, Plaintiffs filed suit for breach of contract in this Court on March 27, 2009.

On April 13, 2009, Panaprint filed a related suit against Plaintiffs in Georgia State Court. The case was removed to the United States District Court for the Middle District of Georgia on May 12, 2009, and transferred to this Court on August 3, 2009. The transferred case is Civil Action No. 3:09-cv-0878, which Plaintiffs seek to consolidate with the instant action. According to the Honorable C. Ashley Royal of the Middle District of Georgia, Civil Action No. 3:09-cv-0878 and the instant matter not only "substantially overlap," but "[t]hey are in fact mirror images of one another." *See* Doc. 31-1, *Order on Motion to Dismiss And/Or Transfer*, 4.

**Panaprint's Motion to Transfer**

Panaprint moves to transfer this action to the United States District Court for the Middle District of Georgia at Macon, pursuant to 28 U.S.C. § 1404(a). Specifically, Panaprint claims transfer is appropriate because it will provide ease of access to proof; be convenient for the parties and witnesses; and is in the interests of justice. Further, Panaprint argues that the interest in having local controversies decided at home weighs in favor of transfer because the State of Georgia has a greater interest in this action than the State of West Virginia. Plaintiffs, on the other hand, assert that Panaprint has failed to meet its burden to prove that transfer is warranted. Plaintiffs argue that Panaprint's motion is a mere attempt to transfer inconvenience from Defendants to Plaintiffs and that Plaintiffs' choice of venue should be afforded substantial deference, leaving this action to be decided in the Court where it was first filed.

Title 28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer an civil action to any other district or division where it might have been brought." There are a set of factors that courts normally consider when determining whether to transfer an action pursuant to 28 U.S.C. § 1404(a), which are:

> (1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cos of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

*See, e.g., Alpha Welding and Fabricating, Inc. v. Heller, Inc.*, 837 F.Supp 172, 175 (S.D. W.Va. 1993) (citing *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F.Supp. 582, 592 (E.D. Va. 1992) and *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947)). Still, a decision to transfer is committed to the sound discretion of the trial court, *see, e.g., Id.* (citing *Southern Ry. Co. v. Madden*, 235 F.2d 198, 201 (4th Cir. 1956) and *Uniprop Mfd. Housing Commun. Income Fund v. Home Owners Funding*

*Corp. of Am.*, 753 F.Supp. 1315, 1322 (W.D. N.C. 1990)); *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1964), which analyzes the motion on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Organization*, 487 U.S. at 29 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

Here, Panaprint argues that convenience and fairness weigh in favor of transfer because: all of the invoices and information on paper prices related to Plaintiffs' claim are in and around Macon, Georgia; the majority of relevant fact witnesses, including the sales representative from whom Panaprint purchases the bulk of its paper and Panaprint's purchasing agent, are in and around Macon, Georgia; the contract was performed in Georgia; and the laws of Georgia will apply to this action. Therefore, Panaprint claims Plaintiffs will need to travel to Georgia to depose witnesses and otherwise prove and verify its case, making West Virginia inconvenient even for Plaintiffs. Further, Panaprint argues that, for the aforementioned reasons, the State of Georgia's interest trumps the State of West Virginia's interest in this controversy.

Conversely, Plaintiffs argue that Panaprint has failed to meet its burden to show the propriety of transfer. Plaintiffs contend that rather than reducing inconvenience to parties and witnesses, transfer would merely shift such inconvenience from Defendants to Plaintiffs. The Court agrees. The movant bears the burden to prove that transfer is warranted, *see Alpha Welding*, 837 F.Supp. at 175, and Panaprint has not met such burden in the instant case. As Plaintiffs note, some relevant documentary evidence and fact witnesses are located in West Virginia; Panaprint is likely to have suppliers, sales contacts and clients across the country; and the State of West Virginia has an interest in this action, regardless of what state law applies. A transfer motion should be denied if it "merely shift[s] the inconvenience from the defendant to the plaintiff." *Id*. at 176 (citing *Van Dusen,* 376

U.S. at 645-46). Further, a plaintiff's choice of forum is accorded considerable weight. *Id.* at 175 (citing *Gulf Oil*, 330 U.S. at 508). The Court **FINDS** transfer would serve primarily to shift inconvenience to Plaintiffs and, as such, is neither in the interests of fairness and justice nor in accord with the weight given to a plaintiff's choice. Therefore, Panaprint's motion to transfer is **DENIED.**

### Prestige's Motion to Consolidate

Plaintiffs move to consolidate Civil Action No. 3:09-cv-0314 with Civil Action No. 3:09-cv-0878, pursuant to Federal Rule of Civil Procedure 42. In agreement with the Middle District of Georgia, the Court **FINDS** that the actions involve common questions of law and fact. Thus, noting no opposition, the Court **ORDERS** the two actions consolidated. Civil Action No. 3:09-cv-0314 shall be designated as the lead case, and the matter shall proceed under that styling.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: November 6, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE